SAMUEL, Judge.
This matter arises out of a collision between two automobiles. Plaintiffs are the driver of the plaintiff car and his liability insurer-subrogee. The former seeks the deductible amount ($100) paid by him under the provisions of his policy for repair of his vehicle. The insurer-subrogee seeks the balance of the cost of repair (stipulated at $653.21) plus $400 paid its insured under the uninsured motorist provisions of the policy for injuries sustained in the accident. Defendants, the driver of the other vehicle and her husband, answered denying liability and reconvened for damage to their car based on an allegation that a third automobile “suddenly and without warning pulled directly into the path of” the defendant vehicle.
After trial there was judgment in favor of plaintiffs in the amount set forth above and against the defendants, dismissing the latters’ reconventional demand. Defendants have appealed.
The accident occurred on the Airline Highway in Jefferson Parish at approximately 8 o’clock in the morning of a clear *54 day. Both cars were on Airline traveling towards New Orleans and approaching the intersection of Airline and Severn Avenue. The intersection was controlled by the usual electric traffic lights. Airline was divided by a neutral ground on each side of which were three lanes for moving traffic. The impact took place in the neutral ground or extreme left traffic lane when the front of the plaintiff vehicle struck the left front wheel area of the defendant car. Both drivers were going to work.
The testimony of the two drivers is the only evidence contained in the record relative to the manner in which the accident occurred.
The plaintiff driver testified he was traveling about 35 miles per hour in the far left or neutral ground traffic lane on Airline. He had been driving in that lane for about 2 or 3 blocks and had a favorable or green traffic light as he neared Severn. There was no traffic which would have prevented him from continuing on through the intersection. He was looking ahead and did not see the defendant car, which came from his right, until it suddenly appeared 10 to 15 feet in front of him in the traffic lane in which he was traveling. He immediately applied, his brakes but was unable to avoid the collision which took place entirely in his neutral ground lane.
The defendant driver testified she was proceeding about 30 miles per hour in the extreme right lane of Airline. Just before reaching the Severn intersection a red car suddenly appeared in the lane in which she was traveling. It came from her left and she did not see it until about three-fourths of the vehicle was in her lane. She applied her brakes, her car swerved to the left, and the collision occurred. She did not remember whether or not she had a green light nor did she remember whether there was at that time any traffic close to her on Airline other than the plaintiff automobile.
In this court defendants contend only that they are. relieved of liability by either an application of the doctrine of sudden emergency or by the fact that the plaintiff driver was guilty of contributory negligence. They argue a sudden emergency was created by the crossing or turning red car in the path of the defendant vehicle and that the plaintiff driver was guilty of contributory negligence in failing to see that crossing or turning red car and thus failing to take some action which could have avoided the collision. We do not agree with either contention.
The testimony of the two witnesses is in direct conflict on the question of the presence of a crossing or turning automobile; the defendant driver testified there was such a car while the plaintiff driver stated there was no such car. We are satisfied the trial judge accepted the plaintiff testimony and refused to accept that of the defendant driver, a conclusion with which we agree. Under the facts thus established there was no crossing or turning vehicle and thus no sudden emergency and no negligence on the part of the plaintiff driver.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.